**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENVILLE DIVISION**

| | |
|---|---|
| JONATHAN ALSTON and DARIUS REID, individually on behalf of themselves and all others similarly situated<br><br>         **Plaintiffs,**<br><br>         vs.<br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>         **Defendant.** | ) <br>) <br>) **Case No.: 8:18-cv-00014-DCC**<br>) <br>) <br>) **CLASS ACTION COMPLAINT**<br>) <br>) **AND JURY DEMAND**<br>) <br>) <br>) |

    Plaintiffs, Jonathan Alston and Darius Reid (hereinafter "Plaintiff Alston," "Plaintiff Reid," or collectively "Plaintiffs"), individually on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, allege against Midland Credit Management (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Such collection practices include, *inter alia,* Defendant's deceptive, misleading and unfair conduct in a written collection letter to the Plaintiff on a time-barred debt in violation of 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. S 1692e(10), and 15 U.S.C. 1692f.

2.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which

contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e, outlaws the use of false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations as to the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and the use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10). The FDCPA further prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

5. The Plaintiffs, individually on behalf of themselves and on behalf of all others similarly situated, seek actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA and all other common or statutory law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

2. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

3. Plaintiff Jonathan Alston is a natural person, who at all relevant times has resided in the city of Anderson, in Anderson County, South Carolina and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Plaintiff Darius Reid is a natural person, who at all relevant times has resided in the city of Columbia, in Lexington County, South Carolina and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a business entity located in California that is doing business in South Carolina, and is a "debt collector" as defined by 15 U.S.C § 1692a(6). Defendant also uses the instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another.

## CLASS ACTION ALLEGATIONS

6. Plaintiffs repeat and reallege the prior allegations as if fully set forth herein.

7. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23, individually on behalf of themselves and all persons/consumers, along with their successors-in-interest, who reside in the State of South Carolina and have received within one (1) year from the date of Plaintiffs' Complaint similar debt collection notices/letters/communications

from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.* Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant, as impracticable.

8. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

9, This Class satisfies all the requirements of Fed. R. Civ. P. Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

11. The debt collection notices/letters/communications received by the Class from the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated the FDCPA § 1692, *et seq.*; (ii) Whether Plaintiffs and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692k.

15. The members of the Class have claims which are unlikely to be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiffs will fairly and adequately represent the Class Members' interests, in that the Plaintiffs' counsel is qualified and experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's wrongful conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making any appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

1.      Plaintiffs repeat and reallege the prior allegations as if fully set forth herein.

2.      Upon information and belief, on a date better known to Defendant, Defendant began to attempt to collect an alleged consumer debt from each of the Plaintiffs.

3.      The alleged debt upon which Defendant sought collection from Plaintiff Alston originated with Capital One Bank (USA), N.A. Upon information and belief, the debt accrued from the use of a revolving line of credit in which Plaintiff Alston made various purchases over a period of time for personal use. As the debt accrued from purchases made for Plaintiff Alston's personal use, same is a debt as defined by 15 U.S.C. §1692(a)(5).

4.      The alleged debt upon which Defendant sought collection from Plaintiff Reid originated with Fia Card Services, N.A. Upon information and belief, Plaintiff Reid's debt accrued from the use of a revolving line of credit in which Plaintiff Reid made various purchases over a period of time for personal use. As the debt accrued from purchases made for Plaintiff Reid's personal use, same is a debt as defined by 15 U.S.C. §1692(a)(5).

**The Alston Collection Letter**

5.      Defendant sent a collection letter to Plaintiff Alston, ("The Alston Collection Letter"), dated October 30, 2017 in an attempt to collect the alleged debt. The bottom of the first page of the letter stated: "(t)he law limits how long you can be sued on a debt. Because of the age of

your debt, we will not sue you for it.  If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

6.     The Alston Collection Letter that was sent also contained a page that indicated that the original creditor was non-party Capital One Bank (USA), N.A. and the alleged debt was charged off on August 14, 2014.

7.     The Alston Collection Letter stated that "mistakes can happen to anyone."  It indicated that everyone deserves a second chance and offered three settlement payment options.  Option one (1) was for a payment due by September 29, 2017 for 40% off.  Option two (2) was for 20% off with payments over 6 months. Option three (3) was for "monthly payments as low as $50 per month."

8.     The Alston Collection Letter, although indicating it would not sue Plaintiffs due to the age of the debt, did not indicate that making a partial payment, i.e. taking advantage of any of the settlement options, would re-start the statute of limitations on the debt, which it clearly does under South Carolina law, Title 15, Chapter 3, §15-3-120.

9.     Stated differently, Defendant's Collection Letter to Plaintiff Alston is misleading and deceptive since it fails to advise Plaintiff Alston that if he takes advantage of any of the payment options, such payment(s) would be a payment of principal that would re-start the statute of limitations clock in South Carolina thus exposing him to a potential lawsuit that he would not otherwise be exposed to.  Effectively, if he takes advantage of any of the options, he is in a worse position than if he had done nothing.

10.    As such, Defendant's actions with respect to Plaintiff Alston violate the FDCPA, and Alston has been damaged and is entitled to relief.

**The Reid Collection Letter**

11.	Defendant also sent a collection letter to Plaintiff Reid, ("The Reid Collection Letter"), dated October 11, 2017 in an attempt to collect the alleged debt. The bottom of the first page of the letter stated: "(t)he law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

12.	The Reid Collection Letter that was sent contained a second page that indicated that the original creditor was non-party Fia Card Services, N.A. and the alleged debt was charged off on June 28, 2010.

13.	The Reid Collection Letter congratulated Plaintiff Reid on being pre-approved for a discount program designed to save him money. In order to "put this debt behind you," it offered three settlement payment options. Option one (1) was for a payment due by November 10, 2017 for 40% off. Option two (2) was for 20% off with payments over 6 months, starting November 10, 2017. Option three (3) was for "monthly payments as low as $50 per month."

14.	The Reid Collection Letter, although indicating it would not sue Plaintiffs due to the age of the debt, did not indicate that making a partial payment, i.e. taking advantage of any of the settlement options, would re-start the statute of limitations on the debt, which it clearly does under South Carolina law, Title 15, Chapter 3, §15-3-120.

15.	Stated differently, Defendant's Collection Letter to Plaintiff Reid is misleading and deceptive since it fails to advise Plaintiff Reid that if he takes advantage of any of the payment options, such payment(s) would be a payment of principal that would re-start the statute of limitations clock in South Carolina thus exposing him to a potential lawsuit that he would not

otherwise be exposed to.  Effectively, if he takes advantage of any of the options, he is in a worse position than if he had done nothing.

16.     As such, Defendant's actions with respect to Plaintiff Reid violate the FDCPA and Reid has been damaged and is entitled to relief.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(10)**

17.     Plaintiffs repeat and reallege the prior allegations as if set forth specifically herein.

18.     The Alston Collection Letter and Reid Collection Letter each fail to advise that making a partial payment will re-start the statute of limitations clock in South Carolina, which had previously expired, thus exposing each Plaintiff to a new lawsuit. In particular, Title 15, Chapter 3, §15-3-120 of the South Carolina code provides as follows:

> "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter unless it be contained in some writing signed by the party to be charged thereby. **But payment of any part of principal or interest is equivalent to a promise in writing."** (Emphasis added).

19.     With respect to each Plaintiff, a payment based on either option 2 or 3 would be a payment of principal or interest that would be equivalent to a "promise in writing" that would be evidence of a "new or continuing contract" that would re-start the previously-expired statute of limitations.

20.     Each collection letter's failure to include language about the effect of a partial payment under South Carolina law, i.e. that it would re-start the statute of limitations anew, puts an unsophisticated consumer, i.e. Plaintiffs, into a difficult position.  The consumer is enticed by the prospect of saving a great deal of money on a debt but not advised that by making a payment, he

will be re-starting the statute of limitations that could subject him to a future lawsuit for which he previously had an absolute defense for the statutory period.

21.     With respect to each Plaintiff, this omission is a deceptive means used in connection with the collection of a debt in violation of 15 U.S.C. §1692e. The omission is also a violation of 15 U.S.C. §1692e(2)(A) since it misrepresents the character or legal status of the debt since it fails to advise that making a payment changes the legal status of the debt under South Carolina law.

22.     Defendant's conduct also constitutes a violation of 15 U.S.C. §1692e(10) as the use of a deceptive means to collect or attempt to collect any debt, i.e. failing to advise Plaintiffs that a payment will re-start the statute of limitations clock, thus exposing them to a potential lawsuit that they would not have previously been exposed to.

23.     Defendant's conduct was knowing and willful. As a result of the foregoing, Plaintiffs have been damaged and are entitled to relief.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f

24.     Plaintiffs repeat and reallege the prior allegations as if fully set forth herein.

25.     Defendant's conduct, in sending collection letters to Plaintiffs that do not advise of the effect of making partial payment(s), i.e. that such payments will re-start the South Carolina statute of limitations thus potentially exposing them to a lawsuit, violates 15 U.S.C. §1692f. This provision prohibits a debt collector from using and unfair or unconscionable means to collect or attempt to collect a debt.

26.     Defendant's omission of this language was knowing and willful.  As a result of the foregoing, Plaintiffs have been damaged and are entitled to relief.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs Jonathan Alston and Darius Reid, individually on behalf of themselves and all others similarly situated, respectfully request that this Court enter judgment against the Defendant for the following:

A. Certifying the Class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

B. Declaring the Defendant's actions as described above to be in violation of the FDCPA;

C. An award of actual damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(1);

D. An award of statutory damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

F. Enjoining Defendant from further violations of the FDCPA through the use of similar collection letters;

G. Such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demands a trial by jury on all issues so triable.

Date: January 2, 2018

Respectfully Submitted,

/s/ Chauntel Bland
Chauntel Bland, Esq.
S.C. Bar #70150
463 Regency Park Drive

Columbia, S.C. 29210
chauntel.bland@yahoo.com
(803)319-6262