IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jonathan Alston and Darius Reid, individually on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>Midland Credit Management, Inc.,<br><br>                Defendant. | C/A No.: 8:18-cv-00014-AMQ<br><br>**OPINION AND ORDER** |

This matter comes before the Court on the Motion to Dismiss filed by Defendant Midland Credit Management, Inc. ("Defendant"). (ECF No. 8.) Defendant seeks to dismiss the Complaint of Plaintiffs Jonathan Alston and Darius Reid (collectively, "Plaintiffs") in accordance with Federal Rule of Civil Procedure 12(b)(6). *Id*. The matter has been fully briefed, and the Court heard argument from counsel on May 7, 2018. For the reasons set forth below, Defendant's Motion is hereby granted in part and denied in part.

## BACKGROUND

Plaintiffs filed this action for damages arising from Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA" or "Act"). (ECF No. 1.) Generally, Plaintiffs allege that certain collection letters sent to Plaintiffs by Defendant were misleading and deceptive because the letters did not advise Plaintiffs that making a partial payment on their debt could restart the statute of limitations clock in South Carolina and expose Plaintiffs to civil liability on the full amount of their debt. *Id*. At issue are two collections letters, the letter to Plaintiff Alston and the letter to Plaintiff Reid. *Id*.

Defendant sent a collection letter to Plaintiff Alston (the "Alston Letter") dated October 30, 2017, in an attempt to collect a debt. *Id*. The letter stated that "mistakes can happen to anyone" and that Defendant "believes that everyone deserves a second chance." (ECF No. 13-1 at 1.)[1] The letter offered three options for payment of the debt: Option 1, a one-time payment of an amount constituting "40% OFF" the current balance on the loan; Option 2, six (6) monthly payments constituting "20% OFF" the current balance on the loan; or Option 3, monthly payments as low "$50 per month." *Id*. The letter also contained disclosure language stating as follows: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." *Id*. The letter did not state that making a partial payment under any of the payment options could re-start the statute of limitations on the debt under applicable South Carolina law.[2] *Id*.

Similarly, Defendant sent a collection letter to Plaintiff Reid (the "Reid Letter") dated October 11, 2017 in an attempt to collect a debt. (ECF No. 1.) The letter congratulated Plaintiff

---

[1] Although the collection letters at issue were not attached to the Complaint, the Court may still consider them in evaluating whether Plaintiffs' Complaint should be dismissed under Rule 12(b)(6). *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) ("A motion to dismiss tests the sufficiency of a complaint, and our evaluation is thus generally limited to a review of the allegations of the complaint itself. However, . . . we may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity.") (citations and quotation omitted).

There is no dispute as to the authenticity of the copies of the collection letters attached to Plaintiffs' brief in opposition to Midland's motion to dismiss. *See* (Docs. 13-1 & 13-2). The Reid Letter attached to Plaintiffs' response brief is identical to the letter attached to Midland's motion to dismiss. *Compare* (Doc. 8-3), *with* (Doc. 13-2). And while Plaintiffs' version of the Alston Letter (Doc. 13-1) differs from Midland's (Doc. 8-2), Midland did not dispute the authenticity of Plaintiffs' version either in its reply brief (Doc. 18) or at the hearing on Midland's motion to dismiss. Therefore, the Court shall consider the collection letters attached to Plaintiffs' response brief (Docs. 13-1 and 13-2) as part of the pleadings for purposes of Midland's motion to dismiss.

[2] *See* S.C. Code Ann. § 15-3-120 ("No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter unless it be contained in some writing signed by the party to be charged thereby. But payment of any part of principal or interest is equivalent to a promise in writing.").

Reid for being pre-approved for a discount program designed to save him money. *Id*. Similar to the Alston Letter, the Reid Letter offered three options for payment of the debt: Option 1, a one-time payment of an amount constituting "40% OFF" the current balance on the loan; Option 2, twelve (12) monthly payments constituting "20% OFF" the current balance on the loan; or Option 3, monthly payments as low "$50 per month." (ECF No. 13-2 at 1.) The letter also contained disclosure language stating as follows: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." *Id*. The letter did not state that making a partial payment under any of the payment options could re-start the statute of limitations on the debt under applicable South Carolina law. *Id.*

Based on the Alston Letter and the Reid Letter, Plaintiffs assert claims under 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) (Count I) and § 1692f (Count II). (ECF No. 1.) Defendant moved to dismiss the complaint for failure to state a claim. (ECF No. 8.) Plaintiffs then filed their brief in opposition (ECF No. 13), in which they stipulated to dismissal of their claims under 15 U.S.C. § 1692f (Count II). (ECF No. 13 at 2 n.1.) Thereafter, Defendant filed a reply brief in support of its motion to dismiss Count I of Plaintiffs' complaint. (ECF No. 18.)

## **LEGAL STANDARD**

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff. . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## **ANALYSIS**

Congress enacted the FDCPA to curtail "the use of abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692(a). Among other things, the purpose of the act is "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ." *Id.* §1692(e). Section 1692e of the Act forbids the use of "any false, deceptive, or misleading representation or means" to collect a debt and provides a non-exhaustive list setting forth examples of prohibited conduct. *Id.* §1692e. These examples include making a false representation of "the character, amount or legal status of any debt," *id.* § 1692e(2)(A), and using "any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10). The Act also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

"Whether a communication is false, misleading or deceptive in violation of § 1692e is determined from the vantage of 'the least sophisticated consumer.'" *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 (4th Cir. 2014) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). The least sophisticated consumer test is an objective test that evaluates § 1692e claims based upon how the hypothetical "least sophisticated consumer" would interpret the alleged offensive language. *Russell*, 763 F.3d at 394-95. The Court, therefore, views Plaintiffs' claims in light of this standard.

## I. Plaintiffs' Claims under 15 U.S.C. § 1692e

In Count I of their complaint, Plaintiffs allege that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10) by failing to advise Plaintiffs that a partial payment of the debt subject to collection could re-start the statute of limitations clock in accordance S.C. Code Ann. § 15-3-120, thus exposing Plaintiffs to a potential lawsuit on the debt. Defendant makes three arguments articulating why the Court should dismiss Plaintiffs' claims under 15 U.S.C. 1692e. First, Defendant argues that Plaintiffs fail to state a claim under the Act because Defendant's collection letters did not contain an explicit threat of litigation. Second, Defendant argues that it is entitled to dismissal because the Act does not require Defendant to advise Plaintiffs about the revival of the statute of limitations. Third, Defendant argues that it is entitled to dismissal because it is not required to provide debtors with legal advice. The Court will now address Defendant's arguments *seriatim*.

### A. Threat of Litigation

Defendant argues that Plaintiffs fail to state a claim under the Act because Defendant's collection letters did not explicitly threaten litigation in attempting to collect the time-barred debts at issue in this case. In support of this argument Defendant cites *Freyermuth v. Credit*

*Bureau Services*, 258 F.3d 767 (8th Cir. 2001), for the proposition that Plaintiffs are not entitled to relief under the FDCPA when a creditor attempts to collect on a time-barred debt unless the debt collector makes an express threat of litigation. In considering cross motions for summary judgment, the *Freyermuth* court held that, "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Other courts, including District Courts in the Fourth Circuit, have also held that an express threat of litigation is required to state a claim under the FDCPA for unfair or deceptive debt collection practices in certain circumstances. *See, e.g., Price v. M.R.S. Assocs., Inc.*, No. 7:13-CV-13-D, 2014 WL 2930723, at *3 (E.D.N.C. June 27, 2014); *Jenkins v. RJM Acquisitions, LLC*, No. 5:10CV27-RLV, 2013 WL 589006, at *3 (W.D.N.C. Feb. 14, 2013); *Mavilla v. Absolute Collection Serv., Inc.*, No. 5:10-CV-412-F, 2013 WL 140046, at *12 (E.D.N.C. Jan. 10, 2013); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 528 (D. Md. 2001) *Mavilla v. Absolute Collection Serv., Inc.*, No. 5:10-CV-412-F, 2013 WL 140046, at *12 (E.D.N.C. Jan. 10, 2013).

In a more recent line of cases, four Circuit Courts of Appeal have found that a collection letter may violate the Act even where it does not expressly threaten litigation. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("[I]f the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation . . . , the collector has violated the FDCPA."); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 395 (6th Cir. 2015) (holding that a settlement offer could plausibly mislead an unsophisticated consumer into thinking a lender could enforce the debt in court even where there was no express threat of litigation); *Daugherty v. Convergent Outsourcing*, 836 F.3d 507, 509 (5th Cir. 2016) ("[A]

6

collection letter violates the FDCPA when its statements could mislead an unsophisticated consumer to believe that her time-barred debt is legally enforceable, regardless of whether litigation is threatened."); *Tatis v. Allied Interstate, LLC,* 882 F.3d 422, 429-30 (3d Cir. 2018) (holding a collection letter may run afoul of the FCPA by misleading or deceiving debtors into believing they have a legal obligation to repay time-barred debts even when the letters do not threaten litigation).

Neither the Supreme Court nor the Fourth Circuit have addressed this issue. Given the lack of binding precedent, at this point in the case the Court declines to rule that Plaintiffs have failed to state a claim that is plausible on its face. Under the "least sophisticated consumer" test, the Court finds there are allegations in the complaint which, if taken as true and drawing all reasonable factual inferences in Plaintiff's favor, could support a claim. Therefore, Defendant's motion is denied as to this argument.

### B. Lack of Duty to Disclose the Revival of the Statute of Limitations

Defendant also argues that Plaintiffs fail to state a claim because § 1692e of the Act does not require disclosures regarding the revival of a statute of limitations. In support of this argument, Defendant relies heavily on *Genova v. Total Card, Inc.*, 193 F.Supp.3d 360 (D.N.J. 2016), for the proposition that its disclosures in the Alston Letter and the Reid Letter are sufficient to correct any possible misinterpretation about the status or character of the debt being collected.

In *Genova,* the Court considered a motion filed by a debt collector seeking to dismiss several claims under § 1692e and § 1692f of the Act. *Genova,* 193 F.Supp.3d at 366-68. In granting the defendant's motion to dismiss the Court considered the disclosure language used in the defendant's collection letter, which is similar to the language used by Defendant in this case.

7

*Id*. The Court in *Genova* also took judicial notice of consent decrees in which the Consumer Financial Protection Bureau ("CFPB") and the Federal Trade Commission ("FTC") required debt collectors to utilize disclosure language used by the defendant in that case. *Id*. at 367-68. Defendant asks this Court to take judicial notice of consent decrees entered by other courts and to take judicial notice of Defendant's internal policy not to sue on time-barred debts that have been revived by partial payment. Defendant argues these consent decrees and policies support its argument.

*Pantoja v. Portfolio Recovery Assocs.*, *LLC*, 852 F.3d 679, 682-83 (7th Cir. 2017), however, is inconsistent with Defendant's arguments. In that case, the Seventh Circuit examined a similar case where the debt collector's collection letter offered multiple settlement options on a debt that was time-barred pursuant to the applicable Illinois statute of limitations. The letter in that case contained a disclosure stating that the collector would not sue on the debt because of the age of the debt, but it did not advise the debtor that making a partial payment could revive the statute of limitations. *Id*. at 682. The Seventh Circuit concluded that the debt collector violated the FDCPA as a matter of law by failing to disclose that a partial payment on a time-barred debt could result in the debtor losing the protection of the statute of the limitations. *Id.* at 685; *see also Daughtery,* 836 F.3d at 513 (holding that a collection letter seeking payment on a time-barred debt and inviting partial payment without disclosing the possible pitfalls of making partial payment could constitute a violation of the FDCPA) *and Buchanan*, 776 F.3d at 399 (noting that attempts to collect a time-barred debt may mislead consumers trying their best to repay where there is no disclosure regarding the statute of limitations).

Once again, the parties point to no binding precedent on this issue, and the Court also failed to identify any binding authority. In the absence of controlling authority, the Court is

hesitant to dismiss Plaintiff's complaint as a matter of law. This is particularly true where Defendant has asked the Court to consider matters outside the pleadings, such as internal policies. Therefore, the Court denies Defendant's motion to dismiss on this ground.

### C. Lack of Requirement to Provide Legal Advice

Finally, Defendant argues that Plaintiffs' claims fail because the Act does not impose a duty on debt collectors to provide legal advice to consumers. Based on the ambiguities in controlling law, the Court cannot say that Plaintiff's claim is not plausible on its face. After accepting all factual allegations in Plaintiffs' complaint as true and drawing all reasonable factual inferences from those facts in Plaintiffs' favor, the Court finds that Plaintiffs state a claim on which relief can be granted in Count I of their complaint. According, Defendant's motion is denied as to Count I.[3]

## II. Plaintiffs' Claims under 15 U.S.C. § 1692f

In Count II of their complaint, Plaintiffs allege that Defendant violated 15 U.S.C. 1692f based on the same alleged conduct forming the basis for Plaintiffs' claims set forth in Count I. Defendant moves to dismiss this claim. As stated above, Plaintiffs stipulated to the dismissal of Count II in their Memorandum in Opposition to Defendant's Motion to Dismiss. (ECF No. 13 at 2, n. 1.) Therefore, Defendant's Motion to Dismiss Count II of Plaintiff's complaint is hereby granted.

## **CONCLUSION**

---

[3] This Order, however, should not be construed as adopting the legal positions of the Plaintiffs. Instead, it reflects a reluctance of the Court to dismiss claims where there is no authority requiring dismissal, where the parties offer different interpretations of the statutory text, and where the Court has been asked to consider matters outside the pleadings. These issues may be better subject to resolution at a later stage of the case where discovery has created a more fulsome record.

For the forgoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). With respect to Count I of Plaintiffs' Complaint, Defendant's motion is DENIED. With respect to Count II of Plaintiffs' Complaint, Defendant's motion is GRANTED. Accordingly, Plaintiffs' claims set forth in Count II are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

/s/ A. Marvin Quattlebaum, Jr.
A. Marvin Quattlebaum, Jr.
United States District Judge

July 3, 2018
Greenville, South Carolina